UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV. 13-4023-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER DENYING DEFENDANT'S |
| COLLEEN M. HARVEY; PURE ) | MOTION TO DISMISS AND |
| FREEDOM FOUNDATION; HARVEY ) | GRANTING PLAINTIFF'S MOTION |
| SPECIAL TRUST U/D/T; and THE ) | TO STRIKE |
| HARVEY FAMILY LIVING TRUST, ) | |
| ) | |
| Defendants. ) | |

The United States of America commenced this action to reduce to judgment federal income tax assessments made against Colleen M. Harvey, to establish that the other named defendants are alter egos or nominees of Harvey, and to foreclose the resulting tax lien. Harvey moves to dismiss on behalf of all defendants. The United States resists the motion, and moves to strike Harvey's pleadings as they relate to all the named defendants except Harvey. For the reasons below, the court grants the United States's motion to strike, and denies Harvey's motion to dismiss.

**BACKGROUND**

The facts, according to the complaint (Docket 1), are as follows:

Harvey resides in Mitchell, South Dakota. Harvey and her late husband, Delmer Harvey, established the Pure Freedom Foundation. Harvey is the sole

certificate holder of the Pure Freedom Foundation. Harvey is also a co-trustee of the Harvey Special Trust and the Harvey Family Living Trust.

The Harvey Special Trust acquired the property described in the complaint in April 2000. In June 2000, the Harveys began construction of a home on the property. In December 2002, the Harvey Special Trust conveyed the property and home to the Pure Freedom Foundation for twenty dollars. Harvey has used the property as her principal residence at all times, operates a business out of the house, pays the utilities and expenses related to the property, uses Pure Freedom bank accounts for personal expenses, and has never paid rent to the Pure Freedom Foundation.

Harvey did not file federal income tax returns for the tax years 1997 through 2005, inclusive. In 2007 and 2008, Harvey was given timely notice of the assessments against her. As of March 31, 2013, Harvey owes $1,895,161.07 in taxes and statutory additions. Notices of federal tax liens were filed in February 2008 and February 2009. The federal tax liens are the only encumbrances on the property, which has a fair market value of $218,000.

## DISCUSSION

### I. Representation of Parties

The United States moves, pursuant to Federal Rule of Civil Procedure 12(f)(ii), to strike the motion to dismiss insofar as it is filed on behalf of the

Pure Freedom Foundation, the Harvey Special Trust, and the Harvey Family Living Trust because Harvey, a nonlawyer, cannot represent the trusts and the foundation in federal court. Harvey argues that she was served with process as the trustee of the Harvey Special Trust and the Harvey Family Living Trust, so she should be able to respond on their behalf. Harvey also moves to dismiss the complaint in her position as manager of Pure Freedom Foundation.[1]

Harvey's argument misses the point. Harvey is able to represent herself before this court. But having been served with the summons and complaint as the trustee of Harvey Special Trust U/D/T and the Harvey Family Living Trust does not confer upon her the ability to represent another entity, such as a trust or foundation, in court. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993) (holding that artificial entities may appear in federal courts only through licensed attorneys). Because Harvey is not a licensed attorney, she is unable to appear on behalf of any of the three entity defendants in this case.[2]

---

[1] Mr. Rolfes also signed the motion to dismiss as a trustee of the Pure Freedom Foundation.

[2] Mr. Rolfes is not a lawyer either.

In addition, Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney . . . or by a party personally if the party is unrepresented." Numerous courts have held that Rule 11 is not satisfied when a nonlawyer signs a pleading on behalf of an unrepresented party, as Harvey has done here. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1333 n.15 (3d ed. 1998). "The 1993 amendment to Rule 11 requires that '[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly . . . ." *Id.*

As a result, the court grants the United States's motion to strike the motion to dismiss insofar as it is filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust, and the Harvey Family Living Trust. *See United States v. Lylalele, Inc.*, 221 F.3d 1345 at *1 (8th Cir. 2000) (unpublished table opinion) (affirming the district court's decision to strike pleadings filed pro se on behalf of a corporation and a trust because those entities cannot appear in federal court without legal representation). The court will consider Harvey's motion to dismiss as filed on her behalf alone. The court will not recognize further submissions in this matter on behalf of the Pure Freedom Foundation, the Harvey Special Trust, the Harvey Family Living Trust, or any other entity unless that entity is represented by a licensed attorney.

## II.     Motion to Dismiss

The court will now consider Harvey's motion to dismiss with regard to the claims against Harvey. Harvey moves to dismiss the complaint for a variety of reasons arising under Federal Rules of Civil Procedure 12(b)(1), (2), (3), (6), and (7).

### A.  12(b)(1) Lack of Subject-Matter Jurisdiction

Harvey argues that this court lacks subject-matter jurisdiction because the right to recover has been extinguished by the statute of limitations. Docket 4 at 6-8. Harvey relies on either the four-year statute of limitations under SDCL 54-8A-1 *et seq.*, or the five-year statute of limitations under 12 U.S.C. § 1821(d)(17). But these statutes relate to South Dakota's Uniform Fraudulent Transfer Act and the Federal Deposit Insurance Corporation's ability to avoid fraudulent transfers, respectively. Neither statute applies to the collection of a federal income tax debt. Rather, the statute of limitations for the collection of a federal income tax debt is ten years from the date the tax was assessed. 26 U.S.C. § 6502(a)(1). Harvey does not contend that the United States failed to timely enforce its rights under 26 U.S.C. § 6502(a)(1). Harvey's argument that a statute of limitations extinguishes this court's subject-matter jurisdiction is without merit.

Furthermore, subject-matter jurisdiction is proper under 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action

arising under any Act of Congress providing for internal revenue . . . .") and 26 U.S.C. §§ 7402(a) and (e) (conferring jurisdiction on district courts for actions "necessary or appropriate for the enforcement of the internal revenue laws" and "any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien under this title"). Jurisdiction is also proper under 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States . . . ."). In sum, this court has subject-matter jurisdiction over the instant case.

### B. 12(b)(2) Lack of Personal Jurisdiction

Harvey argues that this court lacks personal jurisdiction over her late husband, Delmer Harvey. Because Delmer Harvey is not a named defendant, however, personal jurisdiction over him is immaterial.

Although Harvey does not appear to argue that this court does not have personal jurisdiction over her, the court will address that issue next. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.

2004)). The evidentiary burden is minimal, but it must be supported by affidavits and exhibits in addition to the pleadings. *Id.* at 592. The evidence is viewed in the light most favorable to the plaintiff. *Id.*

The complaint and Harvey's own filings and exhibits show that she maintains her primary and permanent personal residence in Mitchell, South Dakota. This is sufficient to establish that there is personal jurisdiction in the district court of South Dakota over Harvey. The fact that Harvey's husband, who was involved in some of the transfers involved in this case, is deceased does not deprive this court of personal jurisdiction over Harvey.

### C. 12(b)(3) Improper Venue

Although Harvey lists improper venue in the caption of her motion to dismiss, she does not make any argument related to whether venue is proper. Venue is proper because Harvey resides in this district. 28 U.S.C. § 1391(b)(1). Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property that is the subject of the action is located in this district. 28 U.S.C. § 1391(b)(2).

### D. 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8 (a)(2). Though the complaint does not need to provide detailed factual allegations, it must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, a court "assumes all facts in the complaint to be true and construes all reasonable inference from those facts most favorably to the complainant." *Rochling v. Dept. of Veterans Affairs*, 725 F.3d 927, 930-31 (8th Cir. 2013) (quoting *Minn. Majority v. Mansky*, 708 F.3d 1051, 1055 (8th Cir. 2013)).

The United States has properly pleaded facts that show it may be entitled to a judgment against Harvey for her unpaid taxes from 1997 to 2005, inclusive. Tax assessments are presumed to be correct, *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001), and Harvey has not challenged the accuracy of the assessments. Additionally, the United States has properly pleaded facts that may show that the Pure Freedom Foundation is her nominee, or alternatively, that the Pure Freedom Foundation may be her alter ego. These plausible claims, if proven, would entitle the United States to the relief it seeks in its complaint.

Harvey's arguments supporting her motion to dismiss for failure to state a claim upon which relief can be granted are without merit. First, Harvey contends that the territorial application of federal tax law to Mitchell, South

Dakota, is not shown in the complaint or authorized by law, and that the ability of federal agents to act outside of the District of Columbia or to attach liens outside the District of Columbia is not shown in the complaint or authorized by law.

The statutory sections to which Harvey cites do not support her position. Furthermore, the contentions that the federal income tax does not apply to Mitchell, South Dakota, that IRS officers cannot act outside the District of Columbia, and that federal tax liens cannot attach to property outside the District of Columbia have no basis in law and have been consistently rejected in this and other circuits. *See, e.g., Denison v. Comm'r*, 751 F.2d 241, 242 (8th Cir. 1984) (quoting *Granzow v. Comm'r*, 739 F.2d 265, 269-70 (7th Cir. 1984)) ("[W]e can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (imposing sanctions on taxpayers for "patently frivolous" arguments); *United States v. Kuyper*, 2012 WL 1932111 at *3 (D.S.D. May 29, 2012) (unreported) (rejecting, as frivolous, arguments almost verbatim to those presented in the instant case); *Gunnink v. U.S. Government*, 2008 WL 3166308 at *9 (D. Minn. Aug. 4, 2008) (unreported) (citing *Denison*, 751 F.2d at 242) ("In other words, Plaintiffs do not feel that

they have to pay taxes. This is patently frivolous and the Court will dismiss it without further analysis.").

Next, Harvey argues that the reference to "1040" is insufficient to prove the validity of the liens and the underlying assessments, and the complaint is therefore defective. The court disagrees. The notice of federal tax lien provided by Harvey does not refer to a "1040 kind of tax" but rather lists "1040" under the heading "kind of tax." Docket 4-1; Docket 4-2. Harvey's proposition that this notice was insufficient to inform her of her tax deficiency is meritless. Additionally, the reference to the individual income tax, which is a duly enacted and enforceable tax, is unambiguously clear. *See, e.g.*, *Marranca v. United States Internal Revenue Service*, 2009 WL 909642 at *7 (W.D.N.Y. Mar. 31, 2009) ("Petitioner's fifth claim is that the Notice of Levy is defective because it seeks to collect a '1040 tax,' which does not exist. . . . This argument is disingenuous, at best. It is clear that '1040,' which is the well known number of the form used by most individuals filing federal income tax returns, is employed simply as a shorthand to describe the type of tax that is due and owing."). Therefore, the court rejects Harvey's arguments that the assessments and liens were unclear and failed to identify a legally enacted tax.

The court finds that Harvey's territorial arguments and her arguments relating to the tax liability and sufficiency of the notices of federal tax liens are

without merit. The United States has stated a claim upon which relief can be granted.

### E.  12(b)(7) Failure to Join a Party

Harvey claims that the United States is not the proper party, and that several individuals with roles in the tax collection process are the proper parties.

Harvey argues that "United States" is a different entity than "United States of America." The United States is the proper plaintiff in this action, 26 U.S.C. § 7403, and Harvey's arguments to the contrary are without merit. *See United States v. Kuyper*, 2012 WL 1932111 at *4 n.7 (D.S.D. May 29, 2012) (unreported). Harvey's arguments that other parties, such as the IRS employee who signed the notices, must be added is incorrect because those other parties are not claimants and do not belong in the suit. 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."). Because the United States is the only claimant, it is the only party who should be named as a plaintiff.

## CONCLUSION

This court has subject-matter jurisdiction over this action and personal jurisdiction over Harvey. Venue is appropriate in this district. The United States has pleaded sufficient facts to state a claim upon which relief can be granted, and has included the proper parties. Harvey's arguments to the

contrary are not supported by the law and are without merit. In addition, Harvey may not represent an entity in federal court, so her motion to dismiss is properly made only on her behalf. Accordingly, it is

ORDERED that plaintiff's motion to strike (Docket 6) is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 4) is stricken insofar as it is filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust, and the Harvey Family Living Trust.

IT IS FURTHER ORDERED that the remaining portions of defendant Harvey's motion to dismiss (Docket 4) are denied.

Dated October 11, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE