UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 13-4023-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| COLLEEN M. HARVEY; PURE | ) | MOTION TO STRIKE |
| FREEDOM FOUNDATION; HARVEY | ) | |
| SPECIAL TRUST U/D/T; and THE | ) | |
| HARVEY FAMILY LIVING TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America moves to strike Colleen M. Harvey's answer and counterclaim insofar as they are filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust U/D/T, and the Harvey Family Living Trust. Harvey, on behalf of the three entity defendants, resists that motion. For the reasons below, the court grants the United States's motion to strike.

## BACKGROUND

The United States commenced this action to reduce to judgment federal income tax assessments made against Harvey, to establish that the three entity defendants are alter egos or nominees of Harvey, and to foreclose the resulting tax lien. Harvey filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b) on behalf of herself and the three entity defendants. Docket 4. The United States moved to strike Harvey's motion to dismiss insofar as it was filed on behalf of the three entity defendants because Harvey is not a

licensed attorney. Docket 6. The court granted the United States's motion to strike and denied Harvey's motion to dismiss to the extent it was made by Harvey on behalf of Pure Freedom Foundation, the Harvey Special Trust U/D/T/, and the Harvey Family Living Trust. Docket 11. Harvey subsequently filed an answer to the complaint and a counterclaim on behalf of herself and the three entity defendants. Docket 13.

## DISCUSSION

The United States moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike the answer and counterclaim to the extent they are filed on behalf of the three entity defendants because Harvey cannot represent the trusts and the foundation in federal court. Harvey argues that her roles with the entities, and the fact that she was served on their behalf, confer on her the ability to represent those entities in federal court.

"A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States." *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). The signature requirement in Rule 11 is not satisfied when a nonlawyer signs a pleading on behalf of an unrepresented party, and such pleadings should be stricken. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1333 n.15 (3d ed. 1998). Applying those rules, this court granted the United States's previous motion to strike, and stated that no further submissions in this

matter on behalf of the three entity defendants would be recognized unless they were submitted by a licensed attorney. Docket 11; *accord United States v. Lylalele, Inc.*, 221 F.3d 1345 at *1 (8th Cir. 2000) (unpublished table opinion) (affirming the district court's decision to strike pleadings filed pro se on behalf of a corporation and a trust because those entities cannot appear in federal court without legal representation).

Harvey is not a lawyer. Dennis Rolfes, trustee of the Pure Freedom Foundation and the only other person whose signature appears on the answer and counterclaim, is not a lawyer. The answer and counterclaim, insofar as they are filed on behalf of the three entity defendants, contain the same defect as the motion to dismiss: the entities cannot be represented in federal court by anyone other than a licensed attorney. In keeping with Eighth Circuit precedent and this court's previous decision to strike Harvey's motion to dismiss, the court will not recognize the answer and counterclaim insofar as they are filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust U/D/T, and the Harvey Family Living Trust.

## CONCLUSION

Neither Harvey nor Rolfes as nonlawyers may represent an entity in federal court. The answer and counterclaim, filed on behalf of all the named defendants, are not signed by a licensed attorney. Therefore, the answer and

counterclaim will only be considered as filed on behalf of Harvey herself. Accordingly, it is

ORDERED that plaintiff's motion to strike the answer and counterclaim (Docket 14) is granted.

IT IS FURTHER ORDERED that the answer and counterclaim (Docket 13) are stricken to the extent they are filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust U/D/T, and the Harvey Family Living Trust.

Dated December 18, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE