UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 13-4023-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER SUBSTITUTING |
| | ) | UNITED STATES FOR ALL |
| COLLEEN M. HARVEY; | ) | COUNTERCLAIM DEFENDANTS |
| PURE FREEDOM FOUNDATION; | ) | |
| HARVEY SPECIAL TRUST U/D/T; | ) | |
| and THE HARVEY FAMILY LIVING | ) | |
| TRUST, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff, the United States of America, brought this action against defendants Colleen M. Harvey, the Pure Freedom Foundation, the Harvey Special Trust u/d/t, and the Harvey Family Living Trust, to collect on allegedly unpaid income tax debts. Harvey subsequently brought counterclaims[1] against the "United States of America, United States (all 11+ of them), Internal Revenue Service (and its Altern Egoist [sic], James Daugherty and Omaha, Nebraska Office), Kathryn Keneally, Assistant Attorney

---

[1] A counterclaim, brought pursuant to Rule 13, is any claim "the pleader has *against an opposing party* . . . ." Fed. R. Civ. P. 13(a)(1) (emphasis added). Rule 14 covers when and how a party may assert a third-party claim against a nonparty. *See* Fed. R. Civ. P. 14. Because the court is substituting the United States as the proper defendant for all of the other parties named in Harvey's counterclaims, and because those counterclaims are properly brought only against the United States, the court will construe and refer to those claims as counterclaims under Rule 13. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are construed liberally).

General, and [Department of Justice counsel in this matter] Erin Lindgren . . . ." Docket 13 at 3.

The United States, as part of its motion to dismiss, requests that the court substitute the United States as the proper party for all the other named counterclaim defendants. Docket 18 at 3-4. As support, the United States contends that the IRS cannot be sued in its own name absent congressional consent, and that the proper party is the United States. *Id.* Additionally, the United States argues that the counterclaims against Daugherty, Keneally, and Lindgren relate to actions taken in their official capacities, and that the United States should be substituted as a defendant for those individuals. *Id.* at 4 (quoting *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)).

Harvey fails to put forth a nonfrivolous argument to oppose the substitution of parties. *See* Docket 20 at 6-7. Some of Harvey's arguments here are similar to those she previously made in her motion to dismiss. There, the court cautioned Harvey that her argument about different definitions of "United States" has been consistently rejected and is without merit. *See* Docket 11 at 11 (citing *United States v. Kuyper*, No 4:11CV4170, 2012 WL 1932111, at *4 n.7 (D.S.D. May 29, 2012)). Harvey's reiteration of that argument does not alter the law on that issue, and the court will not address it further. Harvey's other arguments, such as a failure to identify what is meant by "income tax debt," are equally repetitive and have no bearing on the issue of substitution of parties in this matter.

The United States, rather than the IRS, is the proper party in this matter. *See, e.g., Deleeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987) ("The I.R.S. and agents Raby and Moore are not proper parties."); *Peterson v. United States*, No. 4:12CV3078, 2012 WL 5412849, at *1 n.1 (D. Neb. Nov. 6, 2012) ("However, relief sought against the Internal Revenue Service and [Revenue Agent] Haws is actually relief sought against the United States of America."); *Hopmann v. I.R.S.*, No. PB-C-85-421, 1986 WL 9815, at *1 (E.D. Ark. June 16, 1986) (holding, in an action by a taxpayer to void the sale of real property in connection with nonpayment of taxes, that the United States, and not the IRS, was the proper party). Furthermore, it is clear that the actions taken by Daugherty, Keneally, and Lindgren are all in their official capacities, and the United States is the proper party for any claims against those parties as well. *See Atkinson*, 867 F.2d at 590.

Accordingly, it is

ORDERED that the United States of America is substituted as the sole counterclaim defendant for (1) the United States, all 11+ of them; (2) the Internal Revenue Service and its Altern Egoist, James Daugherty and Omaha, Nebraska Office; (3) Kathryn Keneally, Assistant Attorney General; and (4) Erin Lindgren.

Dated June 2, 2014.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE