UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 13-4023-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION |
| vs. | ) | TO DISMISS, GRANTING THE |
| | ) | UNITED STATES'S MOTION TO |
| COLLEEN M. HARVEY; | ) | STRIKE, DENYING HARVEY'S |
| PURE FREEDOM FOUNDATION; | ) | MOTION TO STRIKE, AND |
| HARVEY SPECIAL TRUST U/D/T; | ) | DENYING HARVEY'S MOTION |
| and THE HARVEY FAMILY LIVING | ) | TO SET ASIDE ENTRY OF |
| TRUST, | ) | DEFAULT |
| | ) | |
| Defendants. | ) | |

Plaintiff, the United States of America, brought this action against defendants Colleen M. Harvey, the Pure Freedom Foundation, the Harvey Special Trust u/d/t, and the Harvey Family Living Trust. Pending are the United States's motion to dismiss Harvey's counterclaims, Harvey's motion to set aside the clerk's entry of default, Harvey's motion to strike the United States's motion to dismiss, and the United States's motion to strike Harvey's motion to set aside the clerk's entry of default.

## BACKGROUND

The pertinent facts, viewed in the light most favorable to Harvey, the nonmoving party on the motion to dismiss, are as follows:

Harvey resides in Mitchell, South Dakota. Harvey is the sole certificate holder of the Pure Freedom Foundation, which was established by Harvey and her late

husband, Delmer Harvey. Harvey is also a co-trustee of the Harvey Special Trust and the Harvey Family Living Trust.

Harvey did not file federal income tax returns for the tax years 1997 through 2005, inclusive, which she claims she was not required to pay. As a result, the United States commenced this action to reduce to judgment the unpaid federal income tax assessments against Harvey, to establish that the other named defendants are alter egos or nominees of Harvey, and to foreclose the resulting tax lien. At all times, Harvey has represented herself, and no licensed attorney has entered an appearance on behalf of any of the entity defendants.[1] Following the commencement of this action, Harvey moved to dismiss the complaint on various grounds on behalf of herself and the three entity defendants. Docket 4. The court denied that motion insofar as it was filed on Harvey's behalf, and granted the United States's motion to strike the motion to dismiss on behalf of the entity defendants because Harvey, who is not a lawyer, is unable to represent them in federal court. Docket 11.

Harvey then answered the complaint and asserted various counterclaims, both on her behalf and on behalf of the entity defendants. Docket 13. Again, the United States moved to strike the answer and counterclaims insofar as they were filed on behalf of the entity defendants, which motion the court granted. Docket 14 (motion to strike); Docket 19 (order granting motion to strike). The United States also moved

---

[1] Harvey is not a lawyer. Dennis Rolfes, the only other person to sign a pleading on behalf of the entity defendants, also is not a lawyer.

2

for an entry of default under Rule 55(a) against the three entity defendants. Docket 21; Docket 22; Docket 23. Subsequently, the clerk entered default against all three entity defendants. Docket 24.

Now the United States[2] moves to dismiss Harvey's counterclaims. Docket 18. Harvey moves to strike the United States's motion to dismiss. Docket 20. Harvey also moves to set aside the entry of default. Docket 25. In response, the United States moves to strike Harvey's motion insofar as it is filed on behalf of the three entity defendants, and otherwise opposes the motion. Docket 26.

## DISCUSSION

### I. Counterclaims

Rule 12(b)(6) provides for dismissal of a counterclaim if the counter-claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss a counterclaim, a court "assumes all facts in the [counterclaim] to be true and construes all reasonable inference from those facts most favorably to the [claimant]." *Rochling v. Dep't of Veterans Affairs*, 725 F.3d 927, 930-31 (8th Cir. 2013) (alterations supplied) (quoting *Minn. Majority v. Mansky*, 708 F.3d 1051, 1055 (8th Cir. 2013)). To survive a motion to dismiss, a counterclaim does not need to contain detailed factual allegations, but it must contain "enough facts to

---

[2] The court previously substituted the United States as the sole counterclaim defendant. *See* Docket 28.

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Harvey asserts counterclaims based on the following allegations: (A) that the complaint is unlawful because it can only be filed in a district court of the United States and not in the United States District Court; (B) that the complaint attempts to apply tax law to South Dakota when it can only be applied in the District of Columbia; (C) that a tax lien can only be attached to property owned by federal government employees in the District of Columbia; (D) that the complaint violates a statute of limitations; (E) that agents of the United States cannot act outside the District of Columbia; (F) that tax laws do not apply to people living outside the District of Columbia; (G) that the complaint does not identify which "United States" is acting; and (H) that the complaint fails to define or explain taxable income calculations. Docket 13 at 3-7. Each counterclaim states at the end that the actions complained of were "so done by fraud and rachiteering [sic]."[3] *Id.* Harvey appears to claim a right to recovery totaling $1,531,674.71. *Id.* at 7 (Harvey's paragraph 4). Harvey also seeks recovery of previously levied funds. *Id.* at 8 (Harvey's paragraph 4).

---

[3] The court does not consider this repeated phrase as a separate counterclaim because it is incorporated into each counterclaim rather than stated in its own paragraph. Even if it were a separate claim, Harvey has alleged no facts to support such claims, much less facts sufficient to satisfy the heightened pleading requirement contained in Rule 9(b), and dismissal under Rule 12(b)(6) would therefore be appropriate. *See* Fed. R. Civ. P. 9(b) (requiring allegations of fraud to be stated with particularity); Fed. R. Civ. P. 12(b)(6).

### A. Counterclaims A, B, C, D, E, F, and G

The United States moves to dismiss counterclaims A, B, C,[4] E, F, and G under Rule 12(b)(6) because they relate to the taxing power of the federal government and its extension to South Dakota. The United States moves to dismiss counterclaim D because it relies on an incorrect statute of limitations. These counterclaims are reiterations of the arguments Harvey presented in her own motion to dismiss. The court rejected those arguments as baseless and reaches the same conclusion here. *See* Docket 11 (rejecting Harvey's arguments relating to territorial application of tax law, statute of limitations, and multiple definitions of "United States"). These arguments do not merit further discussion. *See, e.g., Denison v. Comm'r*, 751 F.2d 241, 242 (8th Cir. 1984) (quoting *Granzow v. Comm'r*, 739 F.2d 265, 269-70 (7th Cir. 1984)) ("[W]e can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes."). It is clear that Harvey has no right to recover on any of the grounds she alleges. Accordingly, the United States's motion to dismiss counterclaims A, B, C, D, E, F, and G is granted.

---

[4] Although the United States does not specifically mention counterclaim C, it appears to be another permutation of the same argument, so the court will consider it with the similar allegations in counterclaims A, B, E, F, and G.

### B. Counterclaim H

The United States argues that counterclaim H, which asserts that the tax calculation at issue is incorrect, is really an affirmative defense. Docket 18 at 8-9. As the court noted in denying Harvey's motion to dismiss, tax assessments are presumed to be correct. Docket 11 at 8 (citing *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001)). Harvey bears the burden of proving by a preponderance of the evidence that a challenged assessment is incorrect. *N.D. State Univ.*, 255 F.3d at 603. "If a party mistakenly designates a defense as a counterclaim, . . . the court must, if justice requires, treat the pleading as though it were correctly designated . . . ." Fed. R. Civ. P. 8(c)(2). In response, Harvey repeats her argument but does not challenge the reclassification of her counterclaim as an affirmative defense. *See* Docket 20 at 11-12 (discussing the accuracy of Harvey's tax liability). Therefore, the court will treat Harvey's counterclaim H as a mistakenly labeled affirmative defense, and she will bear the burden of proving that any challenged assessments are incorrect.

### C. Paragraph 4 Claims

The United States argues that the claims presented in paragraph 4 of Harvey's answer and counterclaim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Docket 18 at 9-12. A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for

jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial challenge, such as the challenge presented here, requires the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the nonmoving party receives the same protections as it would if defending a motion to dismiss under Rule 12(b)(6). *Id.* The party seeking to establish jurisdiction has the burden of proof that jurisdiction exists. *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "When the United States consents to be sued, the terms of its wavier of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986).

It is unclear whether Harvey's claims in paragraph 4 of her answer and counterclaim are distinct counterclaims for money damages, or whether they represent the sum of what she feels she is entitled to receive as damages from the counterclaims stated in paragraph 3. In either case, Harvey has not identified any waiver of sovereign immunity enabling her to sue the United States for damages. Instead, Harvey responds that under the South Dakota Constitution, all sovereign power is inherent in the people. Docket 20 at 12-14. That is insufficient to establish a waiver of sovereign immunity. *See Mitchell*, 445 U.S. at 538 (a waiver of sovereign

7

immunity must be unequivocally expressed by Congress). Although the United States has waived its sovereign immunity for certain suits for a refund or release of levied money, Harvey explicitly states that "[26 U.S.C. §] 7422 is not applicable to unlawful theft and taking. This is not a 'refund' Counterclaim suit." Docket 20 at 13. Given the absence of a description of the basis for the underlying claims which Harvey alleges entitle her to over $1.5 million, the court sees no evidence of a waiver of sovereign immunity. Harvey has not met her burden to plead sufficient facts to show that subject matter jurisdiction exists. Accordingly, Harvey's paragraph 4 counterclaim is dismissed under Rule 12(b)(1).

### D. Harvey's Motion to Strike

Harvey moves to strike the United States's motion to dismiss the counterclaims. Docket 20 at 14. Harvey provides no reasoning or authority to support her motion. The United States's motion to dismiss is not redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f) (governing when a court may strike a pleading). Harvey's motion to strike is denied.

## II. Entry of Default

### A. United States's Motion to Strike

The United States moves to strike the motion to set aside the clerk's entry of default insofar as it is filed on behalf of the three entity defendants. Docket 26. This court has twice granted motions to strike pleadings that were filed by Harvey

purportedly on behalf of all named defendants. Docket 11; Docket 19. Harvey, as a nonlawyer, may not represent a trust or other entity in federal court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993). The motion to strike is therefore granted. Harvey's motion to set aside the entry of default is stricken insofar as it is filed on behalf of the three entity defendants, and the court will consider it as filed by Harvey alone.

### B. Harvey's Motion to Set Aside Entry of Default

Harvey[5] moves the court to set aside the entry of default against the three entity defendants.[6] An entry of default under Rule 55(a) is distinct from a default

---

[5] It is unclear whether Harvey herself has standing to challenge the entry of default on behalf of the three defaulted entity defendants. The text of Rule 55(c) does not place any restrictions on which party may move to set aside a default. *See* Fed. R. Civ. P. 55(c). Other courts have found that a nondefaulting defendant may have standing to seek to set aside an entry of default on behalf of a defaulting codefendant. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256 n.32 (7th Cir. 1980) (allowing codefendants to challenge a default judgment when the codefendants were adversely affected by the default judgment and faced potential economic harm); *Diamond Servs. Corp. v. Oceanografia SA de CV*, No. 10-0177, 2013 WL 312368, at *3 (W. D. La. Jan. 24, 2013) (citing *In re Uranium Antitrust Litig.*, 617 F.2d at 1256 n.32) (finding that joint and several liability was sufficient to confer standing on a nondefaulting codefendant to challenge an entry of default). The United States does not challenge Harvey's standing. Because the United States contends that Harvey and the entity defendants are alter egos, and Harvey herself faces potential economic consequences, Harvey has standing to challenge the entry of default and the court will consider her motion.

[6] Although Harvey did not file a formal motion under Rule 55(c), courts may treat other actions as equivalent to a motion. *See* 10A Charles Alan Wright, et al., *Fed. Practice and Procedure* § 2692 (3d ed.).

judgment under Rule 55(b). In this case, the clerk entered default against the three entity defendants, as requested by the United States, under Rule 55(a). *See* Docket 24 at 2. To obtain relief from an entry of default, a party must show good cause. Fed. R. Civ. P. 55(c). In deciding whether good cause exists to set aside an entry of default, courts in the Eighth Circuit consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). This standard is less stringent than a motion under Rule 60(b) to set aside a default judgment. *Id.* at 783.

There is no evidence that the three entity defendants have a meritorious defense to the allegations in the complaint. The court in this case, and other courts in other cases, have consistently ruled that the arguments raised by Harvey, and purportedly raised by the three entity defendants, are frivolous.

Furthermore, as trustee of all three entity defendants, Harvey has known of this suit for over a year, and she has been on notice of her obligation to retain counsel to represent the trusts since October 11, 2013, at the latest, which is the date the court granted the first motion to strike. Yet she has not retained counsel to appear on behalf of the three entity defendants and appears unwilling to recognize the requirement that an entity may only be represented in federal court by a licensed

attorney. Harvey's conduct to this point demonstrates a willful failure to comply with the rules of civil procedure and the orders of the court.

Finally, the United States would be prejudiced if the entry of default were set aside. This case was pending for eleven months before the United States moved for an entry of default. Harvey's arguments and conduct reveal her intent to string out meritless litigation to hinder the collection of lawful federal income tax. To set aside the entry of default would reward Harvey's obstructionist strategy and would further frustrate the efficient administration of this country's tax laws. Good cause does not exist to set aside the entry of default. Harvey's motion is denied.

## CONCLUSION

To the extent that Harvey seeks money damages against the United States in a counterclaim, she has failed to show a waiver of sovereign immunity and therefore cannot establish subject matter jurisdiction for her counterclaims. With respect to Harvey's other counterclaims, she has failed to state a claim upon which relief can be granted. Harvey's motion to strike the United States's motion to dismiss is unfounded.

Harvey is unable to file a motion to set aside the clerk's entry of default on behalf of the three entity defendants. Considered on her behalf alone, Harvey has failed to show good cause to set aside the entry of default as to the three entity defendants. Accordingly, it is

ORDERED that the United States's motion to dismiss Harvey's counterclaims (Docket 18) is granted. Counterclaims A, B, C, D, E, F, G, and paragraph 4 are dismissed, and counterclaim H is designated as an affirmative defense.

IT IS FURTHER ORDERED that Harvey's motion to strike (Docket 20) is denied.

IT IS FURTHER ORDERED that the United States's motion to strike (Docket 26) is granted, and the motion to set aside the entry of default (Docket 25) is stricken to the extent it is filed on behalf of the Pure Freedom Foundation, the Harvey Special Trust u/d/t, and the Harvey Family Living Trust.

IT IS FURTHER ORDERED that the motion to set aside the entry of default (Docket 25), to the extent it is not stricken, is denied.

Dated June 2, 2014.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE